**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4921-16T3

WILLIAM COBURN,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

          Submitted June 19, 2018 — Decided August 10, 2018

          Before Judges Simonelli and Koblitz.

          On appeal from the New Jersey State Parole
          Board.

          William Coburn, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney
          for respondent (Melissa Dutton Schaffer,
          Assistant Attorney General, of counsel;
          Christopher C. Josephson, Deputy Attorney
          General, on the brief).

PER CURIAM

    Appellant William Coburn, an inmate of Northern State Prison,

appeals from the May 31, 2017 final agency decision of the New

Jersey State Parole Board (Board), which affirmed the decision of the two-member Board Panel (Board Panel) to deny parole and impose a thirty-six-month future eligibility term (FET). We affirm.

Following a jury trial, Coburn was convicted of first-degree murder, second-degree possession of a weapon for an unlawful purpose, third-degree unlawful possession of a weapon, possession of a controlled-dangerous substance with an intent to distribute and possession of marijuana. On July 12, 1985, he was sentenced to thirty years to life imprisonment.

Coburn became eligible for parole a second time on February 18, 2017. On January 6, 2017, the Board Panel determined there was a substantial likelihood that defendant would commit a new crime if released on parole at that time and denied parole based on: the serious nature of the offense; prior criminal record;[1] prior opportunities on probation and parole failed to deter criminal behavior; prior incarceration did not deter criminal behavior; commission of numerous, persistent, and serious institutional disciplinary infractions since the last panel hearing, with the last infraction occurring in December 2015;[2] and

_____

[1] Coburn has no prior adult convictions, but had an adjudication for truancy as a juvenile.

[2] While incarcerated, Coburn was found guilty of committing five institutional disciplinary infractions, including prohibited acts

insufficient problem resolution, specifically, lack of insight into criminal behavior, and minimization of conduct. The Board Panel also found that:

> [Coburn] blames the victim for basically shooting herself. His version of the story is not believable and does not stand up to the evidence in the file. He has no understanding of his violent criminal behavior and does not show any remorse for the victim and only cares about how this crime affected him. More work needs to be done to address concerns for parole.

The Board Panel also considered the mitigating factors: minimal prior record; participation in institutional programs, including programs specific to behavior; institutional reports reflect a favorable institutional adjustment; and attempt to enroll in programs but was not admitted.

Coburn administratively appealed to the Board. He contended the Board Panel failed to consider material facts; its decision was contrary to written Board policy or procedure; a Board Panel member participating in the deliberations or disposition of the case demonstrated personal interest, prejudice, or bias, which affected the decision; and a Board Panel member participating in the deliberations or disposition of the case failed to comply with

---

*.004, fighting with another person, and *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility.

the Board's Professional Code of Conduct and the Parole Act of 1979.

Coburn contended that the Board Panel failed to comply with the Board's Professional Code of Conduct by focusing on how the victim lost her life, and tainted the record by falsely stating he said the victim shot herself. He argued that he told the Board Panel he was guilty of causing a person to lose their life, which he lived with and regretted each day, and concluded that by focusing only on the murder, the Board Panel was prejudiced and judgmental. He also argued that the Board Panel said he lacked remorse, but never asked him about his feelings, and the Board Panel lacked the skills and professional training as a psychiatrist to give an opinion on his feelings.

Coburn further contended that the Board Panel failed to consider factors 7, 8, 13, 15, 18 and 20 of N.J.A.C. 10A-71:3.11(b).[3] He argued the Board failed to consider that he had

_____

[3] N.J.A.C. 10A-71:3.11(b)(7) ("[p]attern of less serious disciplinary infractions[]"); N.J.A.C. 10A:71-3.11(b)(8) ("[p]articipation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration[]"); N.J.A.C. 10A:71-3.11(b)(13) ("[m]ental and emotional health[]"); N.J.A.C. 10A:71-3.11(b)(15) ("[s]tatus of family or marital relationships at the time of eligibility[]"); N.J.A.C. 10A:71-3.11(b)(18) ("[h]istory of employment, education and military service[]"); and N.J.A.C. 10A:71-3.11(b)(20) ("[s]tatement by the court reflecting the reasons for the sentence imposed[]").

only five less serious disciplinary infractions throughout his incarceration, had completed positive institutional programs, had no record of any mental health problems, maintained employment while incarcerated, had a good relationship with his family, and the sentencing judge said he was reluctant to impose the ultimate sentence imposed because Coburn had no prior criminal record. Coburn posited that because he had no adult criminal record and only an adjudication for truancy as a juvenile, there was no support for the Board Panel's determination that there was a substantial likelihood he would commit a new crime.

In a comprehensive May 31, 2017 written final agency decision, the Board affirmed the Board Panel's decision. The Board reviewed the evidence presented at and the electronic recording of the hearing before the Board Panel, and found no evidence to support Coburn's allegation of improper conduct by any Board Panel member. The Board determined the Board Panel asked Coburn appropriate questions in a professional manner, afforded him ample time and opportunity to ask and answer questions and to speak on several points, and listened to his answers, as evidenced by the Board Panel's follow-up questions. The Board noted the Board Panel discussed the shooting with Coburn, questioned him about the circumstances of the shooting, never stated that Coburn said the victim shot herself, and afforded Coburn the opportunity to ask

questions at the conclusion of the hearing. The Board concluded the Board Panel's questioning was appropriate and found no merit to Coburn's argument that the Board Panel was unprofessional in conducting his hearing.

The Board found the Board Panel reviewed Coburn's entire record in rendering its decision, appropriately considered his institutional disciplinary charges, and did not solely base its decision on the negative aspects in the record, but rather, on the entire record, governed by the factors set forth in N.J.A.C. 10A:71-3.11. The Board also found the Board Panel appropriately determined that Coburn exhibited insufficient problem resolution, specifically that he lacked insight into his criminal behavior.

The Board found that Coburn had been involved in treatment, but gained little insight from the programs he attended. The Board noted that Coburn's program participation and rehabilitative efforts did not negate the fact that he still lacked insight into his criminal behavior and minimized his conduct. The Board also noted that although it appeared Coburn had made some progress, his criminal behavior was deeply rooted, as evidenced by his institutional infractions. The Board emphasized that although Coburn acknowledged the serious consequences of his criminal conduct, this represented only an initial effort at rehabilitation. The Board found Coburn's admission of guilt did

A-4921-16T3

not equate to a change in his behavior, and concurred with the Board Panel that based on the aggregate of all relevant factors, there was a substantial likelihood Coburn would commit another crime if released on parole at the time.

The Board found Coburn had not identified any material facts the Board Panel failed to consider or any written Board policy or procedure which the Board Panel's decision was contrary, or any failure of the Board Panel to comply with the Board's Professional Code of Conduct. The Board determined Coburn provided no evidence to support his claim that a Board Panel member participating in the deliberations or disposition of his case had a demonstrable personal interest or demonstrated prejudice or bias in the case, which affected the decision.

Lastly, the Board found the Board Panel considered the aggregate of the evidence pursuant to N.J.A.C. 10A:71-3.11, and fully documented and supported its decision pursuant to N.J.A.C. 10A:71-3.18(f). The Board concurred with the Board Panel's determination that a preponderance of the evidence indicated there was a substantial likelihood that Coburn would commit a crime if released on parole at that time. The Board affirmed the Board Panel's decision to deny parole and establish a thirty-six-month FET. On appeal, Coburn reiterates the arguments made to the Board.

Our review of the Board's decisions is limited. In re Stallworth, 208 N.J. 182, 194 (2011) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980)). The Board's "decisions are highly 'individualized discretionary appraisals.'" Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (citation omitted). "Accordingly, the Board 'has broad but not unlimited discretionary powers,' and its determinations 'are always judicially reviewable for arbitrariness.'" Ibid. The Board's decisions "depend[] on an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based upon their experience with the difficult and sensitive task of evaluating the advisability of parole release." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979). As the Court observed, parole boards should focus on "what a man is and what he may become rather than simply what he has done." Ibid.

Examining the record in light of the arguments raised, we are satisfied that the Board adhered to these principles and its own guidelines in rendering the final decision. The Board's findings were based "on sufficient credible evidence in the whole record[,]" Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) (quoting N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988)), and are entitled to our deference. In the Board's application of those principles to the facts, we find nothing

arbitrary, capricious, or unreasonable in its determination to deny parole and establish a thirty-six-month FET. Coburn's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION